Filed 2/3/22  Caballero v. Cueller CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| CESAR CABALLERO, | |
| Plaintiff and Appellant, | C091774 |
| v. | (Super. Ct. No. PC20190492) |
| REGINA CUELLER et al., | |
| Defendants and Respondents. | |

The Shingle Springs Band of Miwok Indians controls the Verona Tract of the Shingle Springs Rancheria, on which it operates the Red Hawk Casino.  Plaintiff Cesar Caballero alleges he is a true Miwok and that defendants, who are members of the tribal council of the Shingle Springs Band of Miwok Indians, are not Miwok-blood Native Americans and have interfered with his economic advantages as a true Miwok and chief.  Based on these allegations, Caballero claims defendants have committed various torts against his interests by maintaining their positions on the tribal council and excluding him.  The trial court quashed the summons and dismissed Caballero's complaint,

1

concluding, among other things, it did not have subject matter jurisdiction over the matter.

As did the trial court, we conclude we do not have subject matter jurisdiction to determine proper members of the Shingle Springs Band of Miwok Indians and its tribal council. Because the determination of proper membership lies at the heart of all of Caballero's claims, the trial court properly dismissed his action. We will affirm the judgment.

## BACKGROUND

After failing to get the relief he desires in federal courts, Caballero filed an action in El Dorado County Superior Court against members of the Shingle Springs Band of Miwok Indians tribal council, allegedly for conduct outside the scope of their positions on the tribal council. He alleged defendants are not of Miwok ancestry and have wrongly taken over the tribal council. On the other hand, he alleged he and others are true-blooded Miwok Indians and that he is the true chief. According to Caballero, defendants fraudulently took control of the Shingle Springs Band of Miwok Indians and thereby interfered with Caballero's prospective economic advantage and violated California's unfair competition law because he would otherwise be entitled to such control and its benefits. He seeks monetary damages and injunctive relief requiring "each of the council members sued herein as defendants to either prove up that they are true Miwok persons, or step aside and allow only Miwok-blooded tribespeople to control the tribal council."

Defendants appeared specially and moved to quash the summons and dismiss the action. The trial court granted the motion, concluding it did not have subject matter jurisdiction.

## DISCUSSION

Caballero's complaint was properly dismissed because every argument he makes is predicated on his allegation that he is a true member of the tribe and defendants are not.

2

Under the circumstances, the trial court and this court lack subject matter jurisdiction to consider Caballero's causes of action.

"In the absence of conflicting extrinsic evidence relevant to the issue, the question of whether a court has subject matter jurisdiction over an action against an Indian tribe is a question of law subject to our de novo review." (*Lawrence v. Barona Valley Ranch Resort & Casino* (2007) 153 Cal.App.4th 1364, 1369.) "State courts have no power to intervene in tribal matters. (*Lamere v. Superior Court* (2005) 131 Cal.App.4th 1059, 1061, 1068.) Each tribe has the right to define its own membership for tribal purposes. (*Santa Clara Pueblo v. Martinez* (1978) 436 U.S. 49, 72, fn. 32 [56 L.Ed.2d 106].)" (*In re Barbara R.* (2006) 137 Cal.App.4th 941, 954-955.) State courts have no subject matter jurisdiction over disputes concerning tribal membership. (*Lamere*, at p. 1068.)

The dispute here is, at its foundation, over whether defendants are eligible to be members of the Shingle Springs Band of Miwok Indians and its tribal council. The causes of action are based on allegations that defendants are not Miwok-blood Native Americans and are not eligible for membership in the tribe or on the tribal council. Because state courts do not have subject matter jurisdiction over membership, dismissal is proper. (See *Sharp Image Gaming, Inc. v. Shingle Springs Band of Miwok Indians* (2017) 15 Cal.App.5th 391, 447-448 [dismissal proper when court does not have subject matter jurisdiction].)

Caballero nevertheless claims defendants' conduct was beyond their authority and therefore justiciable in state courts. According to Caballero, state courts may exercise jurisdiction because "the complaint alleged facts which, if proven at trial, would show that the conduct of the individually-named tribal council members sued as defendants in this action was all *ultra vires*, and outside the scope of any legitimate official business of the tribe." But to support the argument, Caballero again returns to the question of proper membership, claiming defendants acted without authority because they are not eligible for tribal membership and fraudulently hold office on the tribal council. The argument

3

does not avoid dismissal because it is based on the question of membership, over which state courts have no subject matter jurisdiction.

On May 24, 2021, Caballero filed a request for judicial notice of federal government documents he claims show that true Miwoks, such as him, rightfully hold title to the Verona Tract of the Shingle Springs Rancheria. The request for judicial notice is denied because the documents do not confer on state courts subject matter jurisdiction over questions of tribal membership and are therefore immaterial to this appeal.

Moreover, any other issues raised by the parties are immaterial because we do not have subject matter jurisdiction to decide the foundational question of membership in the Shingle Springs Band of Miwok Indians or its tribal council.

## DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                        /S/
                                     MAURO, J.


We concur:


     /S/
ROBIE, Acting P. J.


     /S/
DUARTE, J.